PAUL C. HAYS, OSB #751531 (Lead Counsel)
paul@pchayslaw.com
Paul C. Hays Attorney
1 Lincoln Center, Suite 310
10300 SW Greenburg Road
Portland, OR   97223-5489
Phone:  971-330-5372
Fax:   503-598-4646

MICHAEL A. EVANS, MOB No. 58583
mevans@hghllc.net
Hartnett Gladney Hetterman, LLC
4399 Laclede Avenue
St. Louis, MO 63108
Phone:  314-531-1054
Fax:   314-531-1131

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **REGIONAL LOCAL UNION NOS. 846 and 847**, **International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO**, and **REGIONAL DISTRICT COUNCIL WELFARE PLAN AND TRUST**, *f/k/a LOCAL 846 REBAR WELFARE TRUST*, By and Through Its Board of Trustees; and **REGIONAL DISTRICT COUNCIL RETIREMENT PLAN AND TRUST**, *f/k/a REBAR RETIREMENT PLAN AND TRUST*, By and Through Its Board of Trustees; and **REGIONAL DISTRICT COUNCIL TRAINING TRUST**, *f/k/a LOCAL 846 TRAINING TRUST*, By and Through its Board of Trustees; and **REGIONAL DISTRICT COUNCIL VACATION TRUST FUND**, *f/k/a LOCAL 846* | Civil Number:<br><br>**COMPLAINT**<br>(ACTION UNDER ERISA AND LMRA TO COMPEL PAYMENT OF CONTRIBUTIONS TO EMPLOYEE BENEFIT PLANS AND DUES CHECK OFF) |

Page 1 – **COMPLAINT**

*VACATION TRUST*, By and Through Its Board
of Trustees,

    Plaintiffs,

 v.

**ASSOCIATED COST ENGINEERS, INC.
OF DELAWARE,** a Florida corporation
d/b/a **ACE REBAR AND CONSTRUCTION**,

    Defendant.

## COMPLAINT

  COME NOW Plaintiffs, by and through undersigned counsel, and for their Complaint against Defendant state as follows:

### Parties

  1. Plaintiff Regional Local Union Nos. 846 and 847, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO ("Local Unions") are "employee organizations" within the meaning of § 3(4) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(4), and are labor organizations within the meaning of Section 1(5) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 151(5).

  2. Plaintiff Regional District Council Welfare Plan and Trust, *f/k/a Local 846 Rebar Welfare Trust* (hereinafter "Welfare Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145.  The legal name of the Welfare Trust was amended by its board of trustees in 2008.  In all respects, the Welfare Trust remains the same legal entity.  The board of trustees are fiduciaries within the

meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Regional District Council Retirement Plan and Trust, *f/k/a Rebar Retirement Plan and Trust* (hereinafter "Pension Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Pension Trust was changed by an amendment adopted by its board of trustees in 2008. In all respects, the Pension Trust remains the same legal entity. The board of trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Regional District Council Training Trust, *f/k/a Local 846 Training Trust* (hereinafter "Training Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Training Trust was changed by an amendment adopted by its board of trustees in 2008. In all respects, the Welfare Trust remains the same legal entity. The board of trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

5. Plaintiff Regional District Council Vacation Trust Fund, *f/k/a Local 846 Vacation Trust* (hereinafter "Vacation Trust") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(1), (3), 1132 and 1145. The legal name of the Vacation Trust was changed by an amendment adopted by its board of trustees in 2008. In

all respects, the Vacation Trust remains the same legal entity. The board of trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132, and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6. Together, the Welfare Trust, Pension Trust, Training Trust, and Vacation Trust shall be referred to as the "Plaintiff Funds." Together, the Local Unions and Plaintiff Funds shall be referred to as "Plaintiffs."

7. Defendant is a Florida corporation.

8. Defendant is, was and at all relevant times has been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over the Plaintiff Funds' and their trustees' claims by virtue of ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3) and 1145, in that the trustees are fiduciaries who seek to enforce provisions of certain trust documents establishing the Plaintiff Funds, to which Defendant is bound and pursuant to which Defendant is obligated to contribute to the Plaintiff Funds, as further set forth herein.

10. This Court has subject matter jurisdiction over the Local Unions' claims pursuant to LMRA § 301(a) and (c), 29 U.S.C. § 185(a) and (c), in that they seek to enforce Defendant's obligations pursuant to a valid and binding collective bargaining agreement.

11. Jurisdiction and venue are proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2), in that the Plaintiff Funds are administered by The William C. Earhart Company,

Page 4 – **COMPLAINT**

Inc. in Portland, Oregon, within the territorial jurisdiction of this Court.

12.  Jurisdiction and venue are proper in this Court pursuant to LMRA § 301(a), 29 U.S.C. § 185(a), in that The William C. Earhart Company, Inc. processes the Local Unions' working assessments in Portland, Oregon, within the territorial jurisdiction of this Court.

### Facts Common to All Counts

13.  At all times relevant to this Complaint, Defendant is, was and has been signatory to one or more collective bargaining agreements (the "Agreements") with the Local Unions. A true, accurate and correct copy of the Agreements are attached as Exhibits 1 & 2.

14.  Pursuant to the Agreements, Defendant recognizes the Local Unions as the exclusive collective bargaining representative of all craft work covered by the Agreements and employed by Defendant within the geographical areas further specified in the Agreements. *See*, Exhibits 1 & 2, Art. I.

### COUNT I:   Unpaid Contributions Under ERISA

Come now the Plaintiff Funds, and for Count I of their Complaint, state as follows:

15.  Plaintiffs restate and reincorporate paragraphs 1 through 14 of their Complaint, as if fully set forth herein.

16.  Pursuant to the Agreements, Defendant agreed to the establishment of and to be bound by certain trusts establishing the Plaintiff Funds. *See*, Exhibits 1 & 2, Art. XVII, §§ 1-4.

17.  The trust documents are incorporated into the Agreements as they existed at the date of the Agreements "and as they may be amended by the trustees from time to time during the term of this Agreement." Thus, the trust documents "apply to the signatory Employer." *See*, Exhibits 1 & 2, Art. XVII, § 9.

18.     The Agreements require Defendant to pay contributions at specified hourly rates for each hour worked by each employee covered by the Agreements. Such contributions are to be paid at the office of the Plaintiff Funds. *See*, Exhibits 1 & 2, Art. XVII, § 6.

19.     The rates of contribution are subject to change, as provided in the Agreements. *See*, Exhibits 1 & 2, Art. XVII, §§ 6, 7.

20.     Defendant is required to file reports of its hours and to pay contributions by the fifteenth day of each month for the previous month's work. *See*, Exhibits 1 & 2, Art. XVII, §§ 8, 9.

21.     If Defendant fails to pay contributions by the fifteenth day of a particular month, Defendant is liable for interest in the amount of one and one-half percent (1-1/2%) per month on all unpaid balances, accounting fees, attorney's fees, auditing fees, and expert fees in the event of litigation to collect delinquent contributions. *See*, Exhibits 1 & 2, Art. XVII, § 8.

22.     Pursuant to the trust documents and collection policy governing the Plaintiff Funds and ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), Defendant is liable to the Plaintiff Funds for liquidated damages in the amount of twenty percent (20%) of any delinquency.

23.     Defendant has failed to submit reports or contributions pursuant to the Agreements.

24.     Since Defendant has failed to submit reports or payments, the full amount of any delinquency owed to the Plaintiff Funds is unknown and cannot be known without an audit of Defendant's records.

25.     As a result of Defendant's failure to make the required contributions, the Plaintiff Funds have been harmed.

26.     Since the amount of contributions due is not known, the Plaintiff Funds lack an adequate remedy at law. The Plaintiff Funds will suffer immediate, continuing and irreconcilable

injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Agreements and to submit its records to an audit and to pay outstanding contributions due, interest, liquidated damages and other costs as set forth herein, in the Agreements, trust documents and ERISA.

WHEREFORE, the Plaintiff Funds pray that the Court:

a. Enter judgment for the Plaintiff Funds and against Defendant;

b. Enter an interlocutory order requiring Defendant to submit its records to an audit, and further, that Defendant reimburse the Plaintiff Funds the costs of said audit;

c. Enter an order awarding the Plaintiff Funds all amounts determined to be due and owing pursuant to the audit;

d. Enter an order awarding the Plaintiff Funds interest in the amount of one and one-half percent (1-1/2%) per month on all outstanding contributions determined to be due;

e. Enter an order awarding the Plaintiff Funds liquidated damages in the amount of twenty percent (20%) of the delinquency;

f. Enter an order awarding the Plaintiff Funds their attorneys' fees, auditing fees, accounting fees, expert fees, and other costs; and

g. Enter orders for such further relief as the Court deems proper under the circumstances.

**COUNT II:   Unpaid Dues and Working Assessments Under the LMRA**

Come now the Local Unions, and for Count II of their Complaint, state as follows:

27. Plaintiffs restate and reincorporate paragraphs 1 through 14 of their Complaint, as if fully set forth herein.

Page 7 – **COMPLAINT**

28.    The Agreements require Defendant to submit dues and working assessments via check-off and to forward them to the Local Unions.

29.    The Agreements require Defendant to remit such check-off amounts to the Local Unions, along with a list of covered employees, by the fifteenth day of each month.

30.    The Plaintiff Funds are the authorized collection agent under the Agreements for such working assessments, which are processed by The William C. Earhart Company, Inc. in Portland, Oregon.

31.    Defendant has failed to remit payment of check-off amounts pursuant to the Agreements.

32.    Since Defendant has failed to submit reports or payments, the full amount of the check-off amount owed to the Local Unions is unknown and cannot be known without an audit of Defendant's records.

33.    As a result of Defendant's failure to submit the required check-off amounts, the Local Unions have been harmed.

34.    Since the check-off amounts due is not known, the Local Unions lack an adequate remedy at law.   The Local Unions will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Agreements and to submit its records to an audit and to pay the outstanding check-off amounts due.

WHEREFORE, the Local Unions pray that the Court:

a.    Enter judgment for the Local Unions and against Defendant;

b.    Enter an interlocutory order requiring Defendant to submit its records to an audit, and further, that Defendant reimburse the Local Unions the costs of said audit;

c. Enter an order awarding the Local Unions all check-off amounts determined to be due and owing pursuant to the audit;

d. Enter an order awarding the Local Unions their attorneys' fees, auditing fees and other costs; and

e. Enter orders for such further relief as the Court deems proper under the circumstances.

Respectfully submitted,

PAUL C. HAYS ATTORNEY

/s/ Paul C. Hays
PAUL C. HAYS, OSB #751531
1 Lincoln Center, Suite 310
10300 SW Greenburg Road
Portland, OR   97223-5489
Phone:   971-330-5372
Fax:   503-598-4646
paul@pchayslaw.com

and

HARTNETT GLADNEY HETTERMAN, LLC

/s/ Michael A. Evans
MICHAEL A. EVANS, 58583MO
4399 Laclede Avenue
St. Louis, MO 63108
Phone:   314-531-1054
Fax:   314-531-1131
mevans@hghllc.net

Attorneys for Plaintiffs

Page 9 – **COMPLAINT**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 26, 2018, a copy of the foregoing was mailed, by certified mail, return receipt requested, to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C. 20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C. 2022.

                                      /s/ Michael A. Evans